UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:  8:15-cv-02547-VMC-AEP

Marc-Gregory Roach,

    Plaintiff,

v.

Vincent T. Arrisi, in his official capacity as
State Registrar Office of Vital Statistics and
Registry, successors, employees, agents and
Assigns and State of New Jersey offices,
Agencies Officers, employees, agents,
successors and assigns,

    Defendants.
_____/

## **DEFENDANTS' MOTION TO DISMISS**

Defendants, VINCENT T. ARRISI, in his official capacity as State Registrar Office of Vital Statistics and Registry and STATE OF NEW JERSEY, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b), hereby file this *Motion to Dismiss Plaintiff's Complaint* and in support thereof state as follow:

STATEMENT OF UNDISPUTED FACTS

1. On October 29, 2015, Plaintiff, MARC-GREGORY ROACH, pro se, filed an incoherent "Claim for Declaratory Judgment" "seeking judicial determination on is [sic] a certain Certificate of Live Birth (COLB), issued by the State of New Jersey on September 23rd, 1965..." (Docket No. 1, ¶3).

2. Specifically, Plaintiff alleges:

> It is the Claimant's understanding that Claimant has certain fundamental rights, liberties, privileges and immunities guaranteed by the New Jersey Constitution and the Constitution of the United

> States. This is apparently not true **because nobody treats me that way** so Claimant files this claim as I am unsure and uncertain as to my status in my legal relationship to the State of the New Jersey [sic] successors, agents, employees and assigns.
>
> Claimant is an interested party as the Executor for the 'legal estate', the creation and existence of same as evidenced by COLB (Attachment "A").
>
> That there is an actual controversy between the parties in that Defendant believes that Claimant has a legal relationship with COLB that obligates Claimant to perform and/or incur any liability for the "legal person" and/or "infant estate" created and evidenced by COLB and <u>Claimant believes that he has a legal relationship with COLB that does NOT obligate him to perform and/or incur any liability</u>. Additionally, Claimant believes that Defendant's, and each and every one of them, claims, presumptions, asservations, and assertions to the contrary are currently interfering and will potentially interfere with Claimant's exercise of his natural inherent and inalienable rights as secured by the New Jersey Constitution.
>
> It is Claimant's understanding based upon information and belief that the COLB is evidence of the creation and existence of a "legal person" and/or "infant estate" by Defendant and each and every one of them, for the exclusive benefit and use of Claimant during Claimant's lifetime and evidence of a legal relationship between Claimant and Defendant akin to the relationship between a Beneficiary and a Trustee of a Trust.
>
> (Docket No. 1, ¶¶ 8, 11, 19 and 21) (emphasis in underscore)

3. In support of his "Claim for Declaratory Judgment," Plaintiff attaches as Exhibit "B"[1] his *Claim of Landlord's Lien for Rent Payments* against the United States for $100,000,000.00.

> Notice is hereby given the Roach, Marc-Gregory, a man (heretofore and hereinafter referred to as the-"landlord") claims landlord's lien for rent and advances against the United States (and/or UNITED STATES)...on all property on the premises of the landed legal estate titled: MARC GREGORY ROACH, State of

---

[1] Exhibit "B" is not referenced anywhere in the Complaint. Further, Exhibit "B" was prepared by Plaintiff individually and not by an attorney.

>New Jersey File No.: 765 and any/all derivatives therefrom and thereof for unpaid rent due landlord upon all agricultural products, crops, and other property, advances upon all crops or articles advances, and all articles purchased with money and or securities so advanced to lessee (hereinafter referred to as the-"property").
>
>That the start date of the lease was 23rd day of September, 1965[2] and that the amount claimant demands for said rent due claimant is One Hundred Million United States Dollars ($100,000,000.00 USD)...

4. As a result of Defendant, STATE OF NEW JERSEY'S issuance of a birth certificate, Plaintiff filed the instant four count "Claim for Declaratory Judgment" seeking the following:

   - Count I: judicial determination of the construction of COLB;

   - Count II: judicial determination of Claimant's statues, legal relationship, rights, duties and obligations to Defendant;

   - Count III: judicial determination of Claimant's status, legal relationship to, rights, duties and obligations to Claimant; and

   - Count IV: injunctive relief enjoining Defendant from Interfering with Claimant's exercise of his natural inherent, inalienable rights, religious freedoms, liberties, privileges and immunities.

I. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY.**

The Eleventh Amendment to the U.S. Constitution prohibits federal jurisdiction over lawsuits brought by individuals against a State, unless the State has consented to such jurisdiction. See U.S. Const. amend. XI; See also College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669 (1999). The Eleventh Amendment states:

---

[2] Plaintiff's date of birth.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Id.  The State of New Jersey has never waived its sovereign immunity in the federal courts.  In fact, the passage of the New Jersey Tort Claims Act by the legislature only re-established the State's sovereign immunity.  See N.J. Stat. Ann. §§ 59:1-1 to 59:12-3.  Accordingly, the Eleventh Amendment acts as a jurisdictional bar to the federal courts regarding claims against the State.  College Sav. Bank, 527 U.S. at 669; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (The "presupposition" is that each state is a sovereign entity in the federal system, and that a state is not subject to suit in federal court by an individual without its consent).

Additionally, the type of relief sought by a plaintiff is irrelevant to the question of whether the suit is barred by the Eleventh Amendment.  A suit against the State or State officials is barred if the decree would operate against the sovereign.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984).  The Supreme Court in Pennhurst held that a suit is against the State if the judgment would be paid out of the state treasury or would interfere with government administration.  Id. at 102.  Likewise, if the judgment operates to compel the state to act or to restrain it from acting, the suit is against the sovereign.  Id.

Not only does the Eleventh Amendment generally prohibit federal courts from hearing suits brought by private citizens against a State government without that State's consent, but the State's immunity extends to the State's agencies and State officers who act on behalf of the State as well.  Gamble v. The Florida Department of Health and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986) ("[T]he *Eleventh Amendment* is an absolute bar to suit by an individual against a state or its agencies in federal court."); Natural Resources Defense Council v. California Dept. of Transp., 96 F.3d 420 (9th Cir. 1996); Lagano v. Bergen County

Prosecutor's Office, 769 F.3d 850, 857 (3rd Cir. 2014) ("Sovereign immunity extends to state agencies and state officers...")

In the instant matter, Defendant ARRISI is entitled to immunity as Plaintiff is only suing him in his "official capacity as State Registrar Office of Vital Statistics and Registry." (Docket No. 1, case caption). The only other reference to Defendant ARRISI is found in paragraph 12 of the Complaint which states "Defendant Vincent T, [sic] Arrisi is the State Registrar of Vital Statistics and Registry who is charged with the duty and obligation of administrating the New Jersey Vital records Act." Because Plaintiff is only suing Defendant ARRISI as a result of being an officer of the State of New Jersey and because there are no allegations that Defendant ARRISI acted outside his scope as an officer of the State, Defendant ARRISI is entitled to immunity under the 11th Amendment to the United States Constitution.

WHEREFORE, Defendants, STATE OF NEW JERSEY and VINCENT T. ARRISI, respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice pursuant to the Eleventh Amendment to the United States Constitution, together with such other relief that it deems just and proper.

**II.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR IMPROPER VENUE PURSUANT TO 28. U.S.C. § 1406(a) AND FED. R. CIV. PRO. 12(b)(3).**

Pursuant to 28 U.S.C. § 1406(a),

> The district court of a district in which is filed a case laying venue in the wrong division or district **shall dismiss**, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(Emphasis in bold)

It is the plaintiff's burden to affirmatively establish that venue is proper. S.O.. Resource Services, Inc. v. Bowers, 2015 U.S. Dist. LEXIS 66479 at 17 (S.D. Fla. May 21, 2015) ("On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in

the forum is proper."); *see* Lomano v. Black, 285 F. Supp. 2d 637, 641 (E.D. Pa. 2003); Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc., 784 F. Supp. 306, 316 (D.S.C. 1992) ("When venue is challenged, it is the plaintiff's burden to prove that venue is proper in the forum state . . .") Ordinarily, venue must be proper as to each defendant joined in the action. And, where separate claims are joined, venue must be proper as to each such claim.  *See* Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994); Hoover Group, Inc . v. Custom Metalcraft, Inc , 84 F.3d 1408, 1410 (Fed. Cir. 1996); Rothstein v. Carrierre, 41 F. Supp. 2d 381, 386 (E.D. N.Y. 1999).

The statutory requirement for establishing venue in a federal district court is provided by 28 U.S.C. § 1391(b), which provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The purpose of the venue statute is generally to "protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979).

In the instant matter, Plaintiff's Complaint must be dismissed for improper venue as: (1) none of the Defendants reside in Florida; (2) none of the events occurred in Florida; and (3) this Court lacks personal jurisdiction over the Defendants. *See* 28 U.S.C. § 1391(b). Moreover, this matter is not one of diversity of jurisdiction, as there are no allegations that any of the Parties,

including Plaintiff are residents of the State of Florida. *See* Docket No. 1, ¶¶ 9-13. Finally, this matter must be dismissed and not transferred to the district court of New Jersey, as it would not "be in the interest of justice," as the instant complaint is subject to dismissal with prejudice as a sovereign citizens complaint (*see* Section III regarding dismissals of sovereign citizen complaints).

WHEREFORE, Defendants, STATE OF NEW JERSEY and VINCENT T. ARRISI, respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint for improper venue pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3), together with such other relief that it deems just and proper.

### III. PLAINTIFF'S SOVEREIGN CITIZEN COMPLAINT MUST BE DISMISSED AS FRIVOLOUSNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to test the legal sufficiency of the complaint and to "streamline litigation by dispensing with needless discovery and fact finding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Holder v. City of Allentown, 987 F.2d 188, 194 (3d. Cir. 1993). Only "a complaint that states a plausible claim for relief [will] survive a motion to dismiss." Id. at 679. Accordingly, when it appears from the face of the pleading that a plaintiff can prove no set of facts that would entitle him to relief, the court must dismiss plaintiff's claims. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Brown v. Bargery, 207 F.3d 863, 866 (2000); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or

rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 490 U.S. at 327.  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In the instant matter, Plaintiff's incoherent Complaint is nothing more than your typical "sovereign citizen claim" as a result of the STATE OF NEW JERSEY'S issuance of his birth certificate. As a result of the STATE OF NEW JERSEY'S issuance of his birth certificate, Plaintiff claims that he is entitled to a $100,000,000.00 lien against the United States. (Docket No. 1, Exhibit B). Adherents of the sovereign citizen movement "believe that they are not subject to governmental authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." Gravatt v. United States, 100 Fed. Cl. 279, 282 (2001).

However, "the conspiracy and legal revisionist theories of 'sovereign citizens' are **not** established law in this court or anywhere in this country's valid legal system." United States of America v. Alexio, 2015 U.S. Dist. LEXIS 86755 at 10 (D. Haw. July 2, 2015) quoting Paul v. New York, 2013 U.S. Dist. LEXIS 158431 at 3 (E.D.N.Y. Nov. 5, 2013); Muhammad v. Smith, 2014 U.S. Dist. LEXIS 99990 (N.D.N.Y. July 23, 2014) (collecting cases). "[S]uch theories have not only been rejected by the courts, but also recognized as frivolous and a waste of the court

resources...sovereign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are 'a waste of their time as well as the court's time,' which is being paid for by hard-earned tax dollars.'" Muhammad, LEXIS 99990 at 7 quoting Barber v. Countrywide Homes Loans, Inc., 2009 U.S. Dist. LEXIS 123939 at 4 (W.D.N.C. Oct. 7, 2009); Formanack v. Rios, 2015 U.S. Dist. LEXIS 87372 at 3 (W.D. Wis. July 6, 2015) ("Even construing plaintiff's pro se pleading generously [citation omitted], I must dismiss the case as frivolous. Her complaint is grounded in the long-discredited sovereign citizen theories of federal, state, and local government illegitimacy that cannot support any viable claims.")

Therefore, because Plaintiff's Complaint is nothing more than a frivolous sovereign citizen claim as a result of the STATE OF NEW JERSEY issuing a birth certificate, Plaintiff's Complaint must be dismissed with prejudice.

WHEREFORE, Defendants, STATE OF NEW JERSEY and VINCENT T. ARRISI, respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice as a frivolous sovereign citizen claim, together with such other relief that it deems just and proper.

IV. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THIS COURT LACKS PERSONAL JURISDICTION.**

To subject Defendants to a judgment *in personam*, Plaintiff bears the burden of pleading a *prima facie* case of personal jurisdiction. Meier v. Sun Internat'l Hotels, Ltd., 288 F. 3d 1264, 1269 (11th Cir. 2002); Morris v. SSE, Inc., 843 F. 2d 489, 492 (11th Cir. 1988). Federal district courts sitting in diversity exercise personal jurisdiction to the extent authorized by the law of the state in which they sit and to the extent allowed under the Constitution. *See* Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F. 3d 1357, 1361 (11th Cir. 2006). Under Florida law, the Court must determine if the Plaintiff has satisfies two requirements. Venetian Salami

Co. v. J.S. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). First, it must determine if Florida's long-arm statute confers jurisdiction over the defendant. Sculptchair, Inc. v. Century Arts, Ltd., 94 F. 3d 623, 626 (11th Cir. 1996). If the Plaintiff sufficiently alleges facts to satisfy the long-arm statute, the Court must then determine whether sufficient minimum contacts exist between Florida and the non-resident defendant to satisfy the Due Process Clause of the Fourteenth Amendment. Id.; Miller v. Phillip Berman & The Multihull Co., 289 F. Supp. 2d 1327, 1332 (M.D. Fla. 2003); Stubbs, 447 F. 3d at 1360; Sculptchair, Inc., 94 F. 3d at 626.

Consistent with the Fourteenth Amendment's Due Process Clause, a Court may exercise personal jurisdiction over a nonresident defendant if there exists sufficient minimum contacts between a defendant and the forum state and would not otherwise "offend traditional notions of fair play and substantial justice." Intern'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1979). A court may, consistent with the Due Process Clause, uphold "specific" jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum state, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1984). A plaintiff may also assert "general jurisdiction" over a defendant based on the defendant's physical presence and general business contacts within the forum state as opposed to jurisdiction arising out of forum-related activities. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1983). However, courts impose a more stringent minimum contacts test by requiring plaintiff to demonstrate defendant's business activities in the state were "continuous and systematic," because general jurisdiction is unrelated to the acts giving rise to the complaint. Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F. 3d 560, 567 (2d Cir. 1996).

In the instant matter, Plaintiff's Complaint must be dismissed, as Plaintiff fails to set forth any allegations that would subject the Defendants to Florida's long-arm statute, Section 48.193, Florida Statutes. A common thread to cases applying Section 48.193 is that some act has been committed within Florida. However, Plaintiff's Complaint is devoid of any such allegations. Simply stated, there are no allegations of any actions or omissions by the Defendants in Florida. In fact there is no reference to Florida anywhere in the Complaint. Plaintiff himself does not even allege that he is a resident of Florida. Why this matter is even filed in Florida can only be left to the imagination of the Plaintiff.

WHEREFORE, Defendants, STATE OF NEW JERSEY and VINCENT T. ARRISI, respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint for lack of personal jurisdiction, together with such other relief that it deems just and proper.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.A.

By: ___/s/ Robert Garcia___
ROBERT GARCIA, ESQ.
Florida Bar No. 0043943
Landmark Center One
315 E. Robinson Street, Suite 550
Orlando, FL 32801-2719
 Telephone:    407-420-4380
 Telecopier:    407-839-3008
 E-Mail:       rrgarcia@mdwcg.com
              dtbroxson@mdwcg.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of December, 2015 I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a copy of

Page **11** of **12**

the Notice of Electronic Filing to the following Marc-Gregory Roach, A Man, c/o 1700 66th St. N#104124, St. Petersburg, FL 33710, PRO SE.

                                  */s/Robert Garcia*         .
                                  Attorney

RG/LEGAL/102920368.v1